# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **E.H.**

**No. 20-0646** (Mercer County 18-JA-210-MW)

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.M., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's July 22, 2020, order terminating his parental, custodial, and guardianship rights to E.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Earl E. Hager, filed a response on the child's behalf in support of the circuit court's order. Respondent Intervenors, K.C. and N.C., by counsel Catherine Bond Wallace, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights without sufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed a child abuse and neglect petition alleging that the mother tested positive for illicit substances while in labor with E.H., and the child's umbilical cord tested positive for amphetamines and cannabinoids. At the time of the petition's filing, petitioner was incarcerated at the Huttonsville Correctional Center. The DHHR alleged that petitioner had had no contact with the child nor had he provided the child any financial or emotional support. The DHHR also alleged that petitioner and the mother had "an open [Child Protective Services]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

case in New Hanover County, North Carolina" for a child not at issue in this appeal. Petitioner waived his right to a preliminary hearing.

In May of 2019, the circuit court convened for an adjudicatory hearing, which was ultimately continued to establish paternity of E.H. In September of 2019, the circuit court received the results of petitioner's paternity testing and adjudged petitioner to be the biological father of E.H. The circuit court held an adjudicatory hearing in November of 2019, and, upon hearing testimony from a DHHR worker and petitioner, adjudicated petitioner as an abusing parent on the basis that he had made no attempt to visit with the child since his release from incarceration. Thereafter, petitioner moved for a post-adjudicatory improvement period, which was taken under advisement.

In February of 2020, the DHHR filed a family case plan, wherein it alleged that petitioner continued to use controlled substances since his release from incarceration, as evidenced by positive drug screens. In April of 2020, the DHHR filed a motion to terminate petitioner's parental rights based on allegations that the child had been in foster care for seventeen out of the preceding twenty months, which constituted an aggravated circumstance. Later, the guardian filed a dispositional report and asserted that petitioner failed to cooperate with the DHHR and had failed to fully participate in visitation with the child.

The circuit court held the final dispositional hearing in June of 2020. Petitioner failed to appear but was represented by counsel. The DHHR presented testimony from petitioner's case worker. Ultimately, the circuit court found that the child's time in foster care constituted an aggravated circumstance and terminated petitioner's parental, custodial, and guardianship rights by its July 22, 2020, order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother's parental rights were involuntarily terminated below. According to the parties, the permanency plan for the child is adoption by the respondent intervenors, K.C. and N.C.

On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights upon insufficient evidence and in denying his motion for a post-adjudicatory improvement period. However, we note that petitioner did not include the dispositional hearing transcript, or any other transcript, in the record.[3] The DHHR presented evidence in support of its motion to terminate petitioner's parental, custodial, and guardianship rights at the dispositional hearing and evidence in opposition to petitioner's motion for a post-adjudicatory improvement period. By failing to include the transcript, petitioner has precluded this Court from conducting any meaningful appellate review related to his assignments of error.

As required by Rule 7(d) of the West Virginia Rules of Appellate Procedure, "petitioner shall prepare and file an appendix containing . . . [t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "[m]aterial excerpts from official transcripts of testimony or from papers in connection with a motion," and "[o]ther parts of the record to which the parties wish to direct the Court's attention." Further, pursuant to Rule 36 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, circuit courts may proclaim the final judgment, along with supporting findings of fact and conclusions of law, "in writing or *on the record*." Moreover, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Rule 10(c)(7) further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." As we have previously held,

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 112 (2012) (citations omitted). Because Rule 36 allows for the circuit court to make the necessary findings "in writing or on the record[,]" the findings may very well appear on the record below. However, petitioner failed to include the dispositional hearing transcript in the appendix record submitted before the Court. Instead, petitioner asks this Court to presume that the circuit court erred, which we decline to do. Therefore, we find petitioner is entitled to no relief.

---

[3]The Court notes that petitioner originally requested several transcripts, including the relevant dispositional transcript, when he noticed his appeal. On October 8, 2020, petitioner filed a motion with this Court, in which he asserted that the preparation of transcripts was unnecessary and requested a more expeditious briefing schedule. His motion was granted, and the Court dispensed with petitioner's request for transcripts. We further note that petitioner asserted that his motion was made in "conjunction with Rule 11(f) of the West Virginia Rules of Appellate Procedure," which he believed encouraged counsel to provide statements of fact "in lieu of providing a transcript of testimony taken in the lower court." Yet, Rule 11(f), titled "Perfecting the Appeal—timing," makes no mention of this concept.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 22, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 23, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice William R. Wooton

**CONCURRING AND WRITING SEPARATELY**:

Justice Tim Armstead
Justice John A. Hutchison

Armstead, J. concurring, joined by Hutchison, J.:

I agree with the majority opinion that although the circuit court's order was sparse and that because petitioner did not request a transcript of the final adjudicatory hearing we cannot determine if the circuit court erred. Thus, I concur in the result, affirming the circuit court. However, I write separately to point out that circuit courts must make proper findings in child abuse and neglect matters. This importance is demonstrated by a comparison of the circuit court order in a recent memorandum decision with very similar language to the circuit court order issued in this matter. *See In re K.H.*, No. 20-0447, 2020 WL 7258894 (W. Va. Dec. 10, 2020) (memorandum decision).

In *K.H.*, the circuit court made the following findings in its order when it terminated the parental rights of the parents:

> Upon consideration of the matter presented and argument of counsel, this [c]ourt FINDS and concludes, in the best interest of the children that:
>
> The Department is making reasonable efforts towards finalizing the permanency plan for these infant children, specifically adoption.
>
> WHEREFORE, it is hereby ORDERED that:
>
> The parental, custodial, and guardianship rights of [petitioner] ... be terminated.

4

*Id.* at *2. In that matter, we reversed the circuit court and remanded for further proceedings because the circuit court "made no finding – in an order or on the record – as to why termination" was in the children's best interest. *Id.* at *3.

Similarly, in this matter, the circuit court's dispositional order stated, in pertinent part:

> Upon consideration of the matters presented and argument of counsel, this [c]ourt FINDS and concludes, in the best interest of the child that:
>
> The [c]ourt FINDS aggravated circumstance [sic] of the child being in foster care for at least fifteen of the last twenty-two months.
>
> The Department is making reasonable efforts towards finalizing the permanency plan for the infant child, specifically adoption.
>
> WHEREFORE, it is hereby ORDERED that:
>
> . . .
>
> The parental, custodial, and guardianship rights of the [petitioner] be terminated as those rights relate to the infant child [E.H.].

On its face, the order issued in this matter is nearly identical to the one issued by the circuit court in *K.H.* Since petitioner has the burden of "showing error in the judgment" and failed to provide the transcript of the dispositional hearing, we do not know if the circuit court made appropriate findings on the record which were not contained in its written order. *See* Syllabus Point 4, in part, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 122 (2012). However, it is important to remind the circuit courts of their obligation following a dispositional hearing to make appropriate findings either "in writing or on the record." Rule 36, W. Va. R. of Proc. For Child Abuse and Neglect Proc.; *see also* W. Va. Code § 49-4-604(c)(6) (listing factors that a circuit court must consider when it determines there to be "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future.").

I am authorized to state that Justice Hutchison joins in this concurrence.